Lance Haddix of Downs, Haddix & Schwab, Chicago, Ill., for plaintiffs.

Richard L. Currey, Corp. Counsel, John Virgilio, Asst. Corp. Counsel, Chicago, Ill., for defendants.

**Martha ASHENHURST, a minor, by Julia Hall, her next friend, Plaintiff,**

v.

**John CAREY and James J. Stokes, Defendants.**

**No. 71 C 2647.**

United States District Court, N. D. Illinois.

May 24, 1973.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on defendant James L. Stokes' motion for reconsideration of this Court's *Memorandum Opinion and Order* of March 16, 1973 which denied his motion to dismiss the complaint.

This is a civil rights action instituted under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The plaintiff, Martha Ashenhurst, is a minor and a citizen of the United States of America. The defendants now remaining are John Carey and James J. Stokes, Chicago Police Officers.

In the complaint the plaintiff alleges, *inter alia*, the following facts:

1. The defendants, employees of the City of Chicago, deprived the plaintiff of her civil rights under color of state law.

2. On May 16, 1971, at approximately 10:15 P.M. defendant Carey ordered and forced the plaintiff to

accompany him to the 21st District Police Station. The plaintiff was held incommunicado by the defendants Carey and Stokes until 1:30 A.M. the following morning.

3. The defendants Carey and Stokes, without legal justification, deprived the plaintiff of her right to freedom from illegal seizure of her person; freedom from unlawful arrest without evidence in support thereof; freedom from illegal detention; and freedom from physical abuse, coercion and intimidation.

The plaintiff seeks damages in the amount of $25,000 plus the costs of maintaining this action.

The defendant Stokes, in support of his motion to dismiss, contended (1) that this Court lacks jurisdiction over the subject matter and the parties, and (2) plaintiff has failed in her complaint to state a claim upon which relief can be granted against him. James J. Stokes also submitted to this Court an affidavit which stated in relevant part:

"On May 16, 1971, from 10:00 P. M. and on May 17, 1971 to 6:00 A.M. I was the Watch Commander at the 21st District, Chicago Police Department. On May 16, 1971 at approximately 10:30 P.M., I observed the plaintiff in the custody of Officer John Carey. At such time, I observed the plaintiff, Martha Ashenhurst, to be loud, using abusive and profane language, disoriented in her mannerism, actions and language. At this time, I determined the plaintiff, Martha Ashenhurst, to be a juvenile, at which time I directed Officer John Carey to notify the youth officer and to contact Martha Ashenhurst's parents. The plaintiff, Martha Ashenhurst, was then placed in a detention area for her own protection and safety. I at no time directed that the plaintiff be held incommunicado or that she be held on open charges.

This Court on March 16, 1973 held that the affidavit of defendant clearly indicates that even though he acted in the capacity of a police supervisor, he personally participated in the disputed incident and there remains the factual issue of what actually transpired which must be determined by trial and not by a pretrial motion.

The defendant, in his motion for reconsideration of this Court's March 16, 1973 ruling refers this Court to the deposition of Martha Ashenhurst taken March 16, 1973. More specifically, the defendant refers to that portion of Martha Ashenhurst's deposition in which she states that she did not know who Captain Stokes is and that her stepfather was the one who had contact with him. While this deposition may indicate that Martha Ashenhurst may not be able to testify against Captain James J. Stokes herself, such a deposition is not conclusive to determine whether or not there are any witnesses or evidence to support the allegation of the complaint against James J. Stokes.

Regardless of whether the plaintiff will prevail in a trial on the merits, it is clear after examining the affidavit of James Stokes and the deposition of Martha Ashenhurst that there remains a factual issue to be determined by trial and that this issue cannot be resolved by this pretrial motion.

Accordingly, it is hereby ordered that the defendant's motion for reconsideration is denied.